# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JONATHAN ALVELO,<br><br>             Plaintiff,<br>     v.<br><br>CAMDEN COUNTY JAIL,<br><br>             Defendant. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 16-cv-08998 (JBS-AMD)<br><br><br>**OPINION** |

APPEARANCES:

Jonathan Alvelo, Plaintiff Pro Se
433 N. 7th Street, Apt 4P
Camden, NJ 08102

**SIMANDLE, District Judge:**

1. Plaintiff Jonathan Alvelo seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.     For the reasons set forth below, the Court will
dismiss the complaint without prejudice for failure to state a
claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.     To state a claim for relief under § 1983, a plaintiff
must allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law. *See West v. Atkins*, 487 U.S. 42, 48
(1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011);
*Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

5.     Plaintiff names the CCJ as the sole defendant.
However, a prison is not a "state actor" within the meaning of §
1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846,
*2 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity
subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.
Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). The claims against it
must therefore be dismissed with prejudice.

6.     Further, the present Complaint does not allege
sufficient facts to support a reasonable inference that a
constitutional violation has occurred in order to survive this
Court's review under § 1915. Even accepting the statements in
Plaintiff's Complaint as true for screening purposes only, there
is not enough factual support for the Court to infer a
constitutional violation has occurred.

7.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8.    A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

9.    However, with respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states: "When I arrived to the Jail I was tased [sic] by the marshal that caused holes on my body that the County Jail did nothing about…then overcrowded caused to sleep on floor…every time we asked for toilet paper they denied." Complaint § III(C).

10.    Plaintiff states this occurred on October 13, 2016 "until I was shipped out." *Id.* § III(B) (Blank).

11.    Plaintiff states that the "county did nothing about the holes in my body." *Id.* § IV.

12.    For the requested relief, Plaintiff requests "pay me out for my rights as human we shouldn't have to get treated worse than animals." *Id.* § V.

13.    Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

14.    The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not

4

rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

15.  With respect to Plaintiff's claims of being "tased [sic] by the marshal that caused holes on my body," Plaintiff does not allege any additional information. It is unclear

whether Plaintiff is attempting to raise an excessive force claim or a denial of medical care claim.

16.    The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, substantive due process rights are violated only when the behavior of the government official is so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

17.    Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements to set forth a cognizable cause of action: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429

U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318
F.3d 575, 582 (3d Cir. 2003).

18. Here, Plaintiff's non-specific assertions regarding
"holes in his body" is insufficient to meet this pleading
standard. Plaintiff offers no facts to satisfy either of the two
prongs required for his Medical Care Claim. *Estelle*, 429 U.S. at
106; *Natale*, 318 F.3d at 582. Should Plaintiff elect to amend,
he must allege sufficient facts to satisfy both prongs.

19. If Plaintiff was attempting to raise an excessive
force claim, Plaintiff has not alleged sufficient facts for this
court to infer that a constitutional violation has occurred. A
pretrial detainee claim of excessive force is governed by the
Due Process Cause of the Fourteenth Amendment, which protects a
pretrial detainee from the use of excessive force that amounts
to punishment. *Kingsley v. Hendrickson*, --- U.S. ----, 135 S.Ct.
2466, 2473, 192 L.Ed.2d 416 (2015) (quoting Graham v. Connor,
490 U.S. 386, 395 n.10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

20. To demonstrate a due process violation based on the
use of excessive force, a pretrial detainee must prove that the
force purposely or knowingly used against him was objectively
unreasonable, meaning that the actions were not rationally
related to a legitimate nonpunitive governmental purpose. *Id.*
(quoting *Bell v. Wolfish*, 441 U.S. 520, 561, 99 S.Ct. 1861, 60
L.Ed.2d 447 (1979)). Here, there are not enough facts for the

court to infer whether a violation occurred. Plaintiff may elect to amend his complaint.

21.  Further, Plaintiff raises claims of unsanitary conditions at the facility, such as "being denied toilet paper." Complaint § III(C), V.

22.  Denial of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, which would include basic sanitary conditions, can be sufficient to state an actionable constitutional deprivation.

23.  However, the non-specific nature of Plaintiff's allegations as to these claims does not provide a reasonably sufficient basis for this Court to infer that sanitary conditions are in fact constitutional violations.

24.  Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3). While *pro se* complaints are construed liberally and are held to less stringent standards than formal pleadings drafted by lawyers (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), *pro se* litigants nevertheless must still allege facts, taken as true, to suggest the required elements of the claims

asserted. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008); *McNeil v. United States*, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

25.  Viewing the facts and the totality of the circumstances in the light most favorable to Plaintiff, the Complaint fails to set forth sufficient factual matter to show that these claims are facially plausible as they do not offer facts that are necessary to show that he was subjected to a genuine privation for an extended period. *Fowler*, 578 F.3d at 210. Therefore, such allegations fail to state a claim and will be dismissed without prejudice, with leave to amend.

26.  Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes.  Further, Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement. To that end, the

Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.[2]

27.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

28.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

[2] The amended complaint shall be subject to screening prior to service.

10

29.  An appropriate order follows.


**October 19, 2017**                    **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    U.S. District Judge